UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DEREK BLOCK,<br>KENNETH M. MILLER, and<br>HOUSE OF GLUNZ, INC.<br>C/O Robert D. Epstein<br>Epstein Cohen Seif & Porter<br>50 S. Meridian St., #505<br>Indianapolis, IN 46204<br><br>　　　　　　*Plaintiffs,*<br><br>　　vs.<br><br>JIM CANEPA, Superintendent of Liquor Control<br>Ohio Division of Liquor Control<br>6606 Tussing Rd.<br>Reynoldsburg, OH  43068,<br><br>DAVE YOST, Attorney General of Ohio<br>30 East Broad St., 17th Floor<br>Columbus, OH  43215,<br><br>THOMAS J. STICKRATH, Director<br>Ohio Department of Public Safety<br>Charles Shipley Bldg.<br>1970 W. Broad St.<br>Columbus, OH  43223<br><br>　　　　and<br><br>DEBORAH PRYCE, Chair of the Ohio Liquor<br>Control Commission,<br>77 S. High St., #1880<br>Columbus, OH  43215<br><br>　　　　　　*Defendants.* | Case No. _____ |

## COMPLAINT

Plaintiffs make the following allegations based upon information and belief, except for the allegations pertaining to Plaintiffs, which are based upon personal knowledge.

1

**Introduction**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by two Ohio wine consumers and an out-of-state wine retailer, challenging the constitutionality of provisions in the Ohio Liquor Control Act (Ohio Rev. Code chapters 4301 and 4303) which ban the sale, shipment and transportation of wine from out-of-state retailers to Ohio consumers. Because Ohio allows its own retailers to take internet orders and ship wine to consumers throughout the state, its prohibition against out-of-state retailers doing so discriminates against interstate commerce, protects local economic interests, and violates the Commerce Clause. The plaintiffs seek a declaratory judgment that the ban is unconstitutional and an injunction barring the defendants from enforcing these laws and requiring them to permit out-of-state wine retailers to sell, ship, and deliver wine to Ohio consumers from their premises located outside the state.

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution and laws.

2. The Court has authority to grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Plaintiffs do not request that state officials be enjoined from collecting any tax due on the sale of wine.

**Plaintiffs**

4. Derek Block is a resident of Mason, Ohio, in Warren County. He is over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and

drink wine at his residence. He is an avid wine drinker, collects French red wines, and has over 1000 bottles in his wine cellar. He would purchase wines from out-of-state retailers and have them shipped to his residence in Ohio if it were lawful to do so. He would personally transport wine home that he had obtained in other states if it were lawful to do so.

5. Kenneth M. Miller is a resident of Warren, Ohio, in Trumball County. He is over the age of twenty-one, does not live in a dry area, and is legally permitted to purchase, receive, possess and drink wine at his residence. He is a wine enthusiast and a collector of fine wines from Bordeaux, California and Oregon. The wines he collects are primarily offered for sale online from out-of-state retailers. He would purchase wines from out-of-state retailers and have them shipped to his residence in Ohio if it were lawful to do so. He would also transport back to Ohio wines he has purchased outside the state if it were lawful to do so.

6. House of Glunz, Inc., is a corporation located in Chicago, Illinois. It is in the business of marketing, selling and shipping bottled wine at retail to consumers. It is licensed by, regulated by, and in good standing with the Illinois Liquor Control Commission. It accepts internet, telephone and other remote orders for wine, verifies the age of purchasers, and makes direct-to-consumer deliveries from its premises in Illinois. It would sell and ship wine to consumers in Ohio if it were lawful to do so, and would register as a foreign corporation, obtain permits from the defendants, consent to Ohio jurisdiction, remit taxes, and comply with other nondiscriminatory provisions of the Ohio Liquor Control Act. Christopher Donovan is its co-owner and business manager.

**Defendants**

7. Defendants are sued in their official capacities.

8. Jim Canepa is the Superintendent of the Ohio Division of Liquor Control, which is the agency that regulates the distribution and retail sale of alcoholic beverages. He is charged by Ohio Rev. Code §§ 4301.021, 4301.10, and 4301.13 with enforcing the Liquor Control Law, including provisions related to the sale and transportation of wine.

9. Dave Yost is the Attorney General of Ohion. He is authorized by Ohio Rev. Code § 4301.10(A)(4) to prosecute persons who violate the Liquor Control Act, and by 27 U.S.C. § 122a to bring suit in federal court to enjoin out-of-state wine retailers from violating Ohio liquor laws.

10. Thomas J. Stickrath is the Director of the Ohio Department of Public Safety. He is charged by Ohio Rev. Code § 5502.13 with conducting investigations and other enforcement activity authorized by the Liquor Control Law.

11. Deborah Pryce is Chairperson of the Ohio Liquor Control Commission, an independent state agency charged by Ohio Rev. Code § 4301.13(A) with adopting, amending and repealing rules to regulate the sale, distribution and shipment of bottled wine within the state, and by Ohio Rev. Code § 4301.25(A) with hearing cases related to violations of state liquor laws. The other Commission members are James E. Carnes and Mike Stinziano.

12. Defendants are acting under color of state law when they administer and enforce the statutes and regulations challenged herein.

**Factual Background**

13. A retailer located in Ohio can obtain a "C-2" permit from the Ohio Division of Liquor Control pursuant to Ohio Rev. Code § 4303.12, that allows it to sell wine to Ohio residents over the internet and to ship wine from its premises directly to their homes or businesses pursuant to Ohio Rev. Code §§ 4301.01(A)(2), 4303.01, and 4303.27.

14. House of Glunz and other retailers located outside Ohio cannot obtain a C-2 permit or any other permit from the Division of Liquor Control that would allow them to sell wine to Ohio residents over the internet and ship wine from its premises directly to their homes or businesses in Ohio. Ohio law does not authorize the defendants to issue a permit to an out-of-state retailer which would allow it to ship wine directly to Ohio consumers.

15. House of Glunz and other retailers located outside Ohio cannot ship wine directly to Ohio residents because the defendants will not issue them permits to do so and Ohio Rev. Code §§ 4301.58 (B), 4301.60 and 4303.25 prohibit selling and shipping wine without a permit.

16. An out-of-state wine retailer can obtain a C-2 permit, sell wine in the state, and ship wine to Ohio consumers only if it establishes a physical facility in Ohio.

17. House of Glunz has no business reason to establish physical premises in Ohio, cannot afford to do so, and the cost of maintaining a second retail store and hiring staff to operate it would increase the cost of its wine compared and make it more expensive than the same wine sold and shipped from its inventory and premises in Illinois, which would make it less competitive than wine sold and shipped by retailers located in Ohio.

18. House of Glunz carries in its inventory many old, rare and expensive wines that are hard to find and valued by collectors, including 1996 Araujo Estate Eisele Vineyard Cabernet Sauvignon for $249, 1995 Chateau Mouton-Rothschild Pauillac for $550, 1998 Petrus Pomerol for $3800, and 2005 Domaine de la Romanee-Conti La Tache Grand Cru Monopole for $5999, which are currently not offered for sale at any Ohio retailer.

19. House of Glunz prepares and ships wrapped gift boxes containing wine for personal and corporate gift giving and special events. It supplies the provenance of each bottle for genuine

5

authenticity, which is difficult for ordinary retailers to do but important to collectors.

20. House of Glunz offers a wine club to consumers whose members are shipped two carefully selected bottles of wine each month, accompanied by information about them.

21. House of Glunz has been in business since 1888. It employs experienced staff to help consumers select wines tailored to their events, tastes and price-ranges. It has developed a loyal customer base that relies upon its selection, expertise, and services. Among those regular customers are some who want House of Glunz to ship wine to Ohio.

22. House of Glunz employs trained staff to fill orders for wine to be shipped to consumers, whose training includes age verification procedures and safe alcohol sales.

23. House of Glunz has received requests that it ship wine to Ohio residents, either as gifts or for personal consumption, but is unable to do so because Ohio law prohibits such transactions. It has lost business and profits because it cannot ship to Ohio.

24. Derek Block is a wine consumer and he wants the opportunity to buy wine directly from wine retailers located outside of Ohio and to have these wines delivered to him in Ohio. There is no wine store in his home town of Mason that carries a wide selection of wine. He has tried to buy wine from out-of-state wine retailers and have it shipped, but was unable to complete those purchases because Ohio prohibits them.

25. Kenneth Miller is a wine enthusiast and collector. He wants the opportunity to buy wine directly from retailers located outside of Ohio that regularly carry high-end wines that have received good reviews, including K&L Wine Merchants in California and Binny's Beverage Depot in Illinois, and to have these wines delivered to him in Ohio, but has been unable to complete those purchases because Ohio prohibits them. Most of these high-end wines are

produced in limited quantities and not available locally.

26. Block and Miller also travel to other states, visit wineries and other wine sellers, and have the opportunity to acquire wine there. They want to be able to obtain wine from out-of-state sources and personally transport the wine back to Ohio in quantities in excess of 4.5 liters, but Ohio law prohibits it.

27. When Block and Miller are unable to buy wine from out-of-state sellers, they spend some of their wine-purchasing dollars at local Ohio retailers that they would otherwise have used to buy wine from out-of-state retailers.

**Count I - First Commerce Clause Violation**

28. Paragraphs 1-27 are incorporated as if set forth fully herein.

29. Ohio Rev. Code § 4301.20 prohibits consumers from personally transporting into the state more than 4.5 liters of wine, or 6 standard bottles, per 30-day period of wine purchased from out-of-state sellers.

30. Some wine retailers located outside Ohio have wines for sale that the consumer plaintiffs wish to buy and transport home in quantities that exceed 4.5 liters per 30 days, including rare and limited-supply wines, older vintages that may be purchased at auction, wines obtained as gifts from friends and family, and wines not available from wine stores near their homes.

31. The plaintiffs are unable to lawfully purchase and transport these wines into Ohio because of Ohio Rev. Code § 4301.20.

32. Ohio allows consumers to personally transport to their homes an unlimited amount of wine purchased from in-state sellers under Ohio Rev. Code § 4301.60, so the 4.5 liter limit on transporting wine purchased out of state discriminates against interstate commerce and gives

economic protection to Ohio wine sellers, in violation of the Commerce Clause of the U. S. Constitution.

**Count II - Second Commerce Clause Violation**

33. Paragraphs 1-32 are incorporated as if set forth fully herein.

34. Some wine retailers located outside Ohio have wines for sale that the consumer plaintiffs have not been able to find at Ohio retailers in their areas, including rare, unusual, older vintage, and limited-supply wines.

35. Most of the retailers who carry rare, unusual, older vintage, and limited-supply wines are located in New York, California, Illinois or Florida. The plaintiffs cannot afford the time and expense of traveling to their premises to purchase such wines in person and transport them home six bottles at a time.

36. Some wines sought by the plaintiffs which are offered for sale at out-of-state retailers are not available from retail stores in Ohio because Ohio Rev. Code § 4301.58(C) allows in-state retailers to sell only the wines they can get from Ohio wholesalers, and the wholesalers in Ohio carry less than one-third of the wines available for sale elsewhere in the United States, and do not stock many rare and older vintage wines.

37. The plaintiffs cannot complete the commercial transactions described in paragraphs 23-26 because the Ohio Liquor Control Act, as interpreted and enforced by the defendants, prohibits direct sales and shipments of wine from retailers located outside Ohio to in-state consumers, and the defendants will not issue any kind of permit that would allow such interstate transactions.

38. If House of Glunz were permitted to sell and ship wine directly to Ohio consumers from

its premises in Illinois, it would obtain a permit if one existed and would comply with the same rules concerning labeling, shipping, reporting, obtaining proof of age, and paying taxes as in-state wine retailers do.

39. House of Glunz is in good standing with the Illinois Liquor Control Commission and Secretary of State, and would consent to Ohio jurisdiction, appoint an agent for service of process, and qualify to do business in Ohio if a permit were available.

40. By denying permits to out-of-state wine retailers and prohibiting them from shipping wine to Ohio consumers from retail premises located outside the state, while issuing permits to in-state retailers and allowing them to ship wine to Ohio consumers, Ohio is discriminating against interstate commerce and protecting the economic interest of local businesses by shielding them from competition, and is depriving consumers of their access to the markets of other states upon equal terms, all in violation of the Commerce Clause of the United States Constitution.

**Request For Relief**

WHEREFORE, Plaintiff seeks the following relief:

A. Judgment declaring the provisions in Ohio Rev. Code §§ 4301.58(B), 4301.60 and 4303.25, which prohibit wine retailers located outside the state from selling and shipping wine from their premises directly to Ohio consumers unconstitutional as a violation of the Commerce Clause of the United States Constitution.

B. Judgment declaring the provisions in Ohio Rev. Code § 4301.20 that prohibits Ohio residents from personally transporting more than 4.5 liters of wine into the state unconstitutional as a violation of the Commerce Clause.

C. An injunction prohibiting defendants from enforcing those laws and requiring them to

allow House of Glunz and other retailers whose premises are located outside the state to sell and ship wine to consumers in Ohio.

D. An injunction prohibiting the defendants from circumventing the court's ruling by applying other provisions in the Liquor Control Code in ways that have the practical effect of prohibiting direct wine shipments.

E. Plaintiffs do not request that state officials be enjoined from collecting any tax due on the sale of wine.

F. An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

G. Such other relief as the Court deems appropriate to afford Plaintiffs full relief.

    Respectfully submitted,
    Attorneys for Plaintiffs,


    /s/ Nelson E. Genshaft
    Nelson E. Genshaft  (0011023)
    Strip Hoppers Leithart McGrath & Terlecky Co. LPA
    575 S. Third St.
    Columbus OH 43215
    neg@columbuslawyer.net
    (614) 228-6345 (direct)

    To Apply for Admission *Pro Hac Vice*:


    /s/ Robert D. Epstein
    Robert D. Epstein
    EPSTEIN COHEN SEIF & PORTER
    50 S. Meridian St., Suite 505
    Indianapolis, IN 46204
    Tel:  317-639-1326
    Fax:  317-638-9891
    Rdepstein@aol.com

James A. Tanford
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
Tel:   812-332-4966
tanfordlegal@gmail.com

Joseph Beutel
EPSTEIN COHEN SEIF & PORTER
50 S. Meridian St., Suite 505
Indianapolis, IN 46204
joe@beutellaw.com